UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY VANDERPOEL, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MATTERPORT, LLC,<br>Defendants. | Case No.: 26-cv-4010-BJC-MMP<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS**<br>**[ECF Nos. 8, 10]** |

Pending before the Court is Plaintiff Jeffrey Vanderpoel's Motion for Leave to File a First Amended Complaint ("Motion for Leave"). ECF No. 10. On July 12, 2026, Plaintiff filed the Class Action Complaint against Defendant Matterport, LLC. ECF No. 1. After timely effectuating service, the parties filed a Joint Motion for Extension of Time for Defendant's to respond to Plaintiff's Complaint on July 31, 2026. ECF No. 5. On August 6, 2026, the Court granted the Joint Motion, thereby extending Defendant's deadline to respond to the Complaint to September 4, 2026. ECF No. 7. On September 4, 2026, Defendant filed a Motion to Dismiss Plaintiff's Complaint, setting a hearing date for October 9, 2026. ECF No. 8.

Under Rule 15(a)(1)(B), Plaintiff could have amended his Complaint as a matter of

course within 21 days after service of Defendant's Motion to Dismiss, or by September 25, 2026. Alternatively, under Local Rule 7.1(e)(2), Plaintiff had until fourteen (14) calendar days before the October 9, 2026 hearing to oppose the Motion to Dismiss, or by September 25, 2026. Plaintiff failed to do either.

Accordingly, on September 29, 2026, Defendant filed a Notice of Non-Opposition to Motion to Dismiss, requesting the Court to grant Defendant's Motion to Dismiss as unopposed and to dismiss the suit in its entirety. ECF No. 9 at 2. The same day, Plaintiff filed his Motion for Leave and an accompanying declaration that attached Plaintiff's Proposed First Amended Class Action Complaint as an exhibit. *See* ECF No. 10. In it, Plaintiff acknowledged that the failure to file an amended complaint or an opposition by September 25, 2026 was the result of an inadvertent error in "counsel's calendaring." ECF No. 10 at 4; *see also* ECF No. 10-1 (Larsh Declaration) at ¶¶ 4-6. (explaining that, while on parental leave, counsel failed to calendar the new "deadlines flowing from Defendant's response," including the deadline for Plaintiff to amend the Complaint as a matter of course and to file an opposition to the motion to dismiss). Plaintiff further contends that, after realizing their error, "Plaintiff sought to correct it immediately – first by requesting a stipulation from Defendant and then by filing this Motion without delay." ECF No. 10 at 6. Accordingly, Plaintiff claims that granting his Motion for Leave will neither prejudice Defendant nor cause unnecessary delay. ECF No. 10 at 5-6; ECF No. 10-1 at ¶ 10 ("This motion is being filed within days of the missed deadline. No scheduling order has [been] issued in this action[.]")

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Whether leave to amend should be granted hinges primarily upon a consideration of prejudice to the opposing party. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under Rule 15(a).'")) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). Accordingly, in the absence of "undue delay, bad faith or dilatory motive on the part of the movant," *Foman v. Davis*, 371 U.S. 178, 182 (1962),

there exists a presumption that leave to amend will be granted under Rule 15(a). *Eminence*, 316 F.3d at 1052.

As of this Court's Order, Defendant has had over three weeks to file a response opposing Plaintiff's motion. Defendant has not done so. The Court, thus, treats Plaintiff's Motion for Leave as unopposed. Even so, based on the present briefing, the Court would nonetheless find that leave should be granted under these circumstances. Plaintiff is not seeking to amend the complaint in bad faith, and there is no reason to expect that granting leave to amend will unduly delay litigation, which is still in the pleading stage, or prejudice Defendants. *Leininger v. L'Oreal USA S/D, Inc.*, 2021 WL 5541941, at *1 (S.D. Cal. June 1, 2021).

Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to File a First Amended Complaint. ECF No. 10. Accordingly, the Court also **DENIES** Defendant's Motion to Dismiss as moot. ECF No. 8. Plaintiff must file the First Amended Complaint by **<u>October 27, 2026</u>**. Defendant shall respond to Plaintiff's amended complaint by the deadline established under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: October 21, 2026

Honorable Benjamin J. Cheeks
United States District Judge